Tompkins, X,
delivered the opinion of the Court.
This is an action of debt, commenced in the Circuit Court of Ste. Genevieve county, by Dodge, the appellee in this Court, agrinst the plaintiff in error and others, on a writing obligatory. If there was a condition to the bond, it does not appear on the record. A summons issued, and affidavit that all the defendants below, except Hempstead, were non-res dents, and that the ordinary process of law could not be served on them, being filed, an attachment wa3 issued against their property. The return is, that the writ of summons was served on Hempstead, and the property of some olliers attache^. At the return term, all the defendants appeared 5 the attachment was dissolved, and Hempstc a 1 demurred generally to the declaration. Judgment w.s rendered against Hempstead, and no notice taken of the other defendants.
It is assigned for error:
First. That there is a misjoinder of action, bj summoning some of the defendants and attaching the property of others.
Second. That Cummins, Morrison, Phillips and Edwards, appeared by attorney, and the plaintiff took no steps against them, but disregarded them altogether.
Third. That in an action on a penal bond, tile plaintiff ought to assign breaches, which he ha3 not done in this case.
Fourth. That the action cannot bo sustained on said bond, in the name of Dodge.
First assignment: Ic is the opinion of tho Court that the plaintiff had no right to summon one defendant and attach the property of other defendants. But the demurrer is to the declaration, not to the writ 5 and tho plaintiff declared properly against them all. Had he demurred to the writ, his demurrer might have been sustained.
Second assignment: It is the opinion of the Court that there is error in not proceeding to judgment against those defend ¿11 s who appeared by attorney, and in giving judgment against Hempstead alone.
Third assignment: The Court considers this a mere abstract proposition, for it does not appear by the record that the bond was penal.
Fourth assignment: The bond not being before this Court, it cannot say whether the action can be sustained in the name of Dodge or not, provided it be penal. The defendants have a right to execute their bond to Dodge, or any other man, and the obligee of such a bond would have a right to sue on it, as it is now exhibited to this Court. If there had been any thing illegal in it, the defendant should have' craved oyer, and made it a part of the record.
The judgment of the Circuit Court is reversed, and the cause will be sent- down to the Circuit Court for a new trial 5 and the defendants in error must pay the costs incurred in this Court,